NO. 07-04-0387-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 30, 2004



______________________________



DEHAVEN EYE CLINIC, P.A., AND DEHAVEN CATARACT


SURGERY CENTER, INC., APPELLANTS



V.



BETTY TURNER AND LARRY TURNER, APPELLEES



_________________________________



FROM THE 7TH DISTRICT COURT OF SMITH COUNTY;



NO. 03-0647-A; HONORABLE KERRY L. RUSSELL, JUDGE


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 On December 21, 2004, appellants, DeHaven Eye Clinic, P.A. and DeHaven
Cataract Surgery Center, Inc., filed a Motion to Dismiss Appeal, joined by appellees Betty
Turner and Larry Turner. 

 Accordingly, without passing on the merits of the case, appellant's Motion to Dismiss
Appeal is granted and the appeal is hereby dismissed. Rule 42.1(a). 

 Having dismissed the appeal at appellants' request, no motion for rehearing will be
entertained, and our mandate will issue forthwith. 





 Phil Johnson

 Chief Justice

 




isibility = 'hidden'" );
}







NO. 07-08-0412-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 20, 2009

______________________________


CRISTAL GALE STOWE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4833; HONORABLE KELLY G. MOORE, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Pursuant to a plea bargain, in 2002, Appellant, Cristal Gale Stowe, was convicted
of endangering a child, a state jail felony, and was sentenced to twenty months
confinement, suspended in favor of four years community supervision. The State filed a
motion to revoke community supervision in 2005 for numerous violations of the conditions
thereof; however, that motion was dismissed and community supervision was extended for
another year in addition to amendments to the conditions. On November 14, 2006, the
State filed another motion to revoke community supervision again alleging violations of the
conditions thereof. After a hearing on the State’s motion, Appellant’s community
supervision was revoked and punishment was assessed at the original sentence of twenty
months confinement. In presenting this appeal, counsel has filed an Anders


 brief in
support of a motion to withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel has candidly discussed why, under the controlling
authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the
requirements of Anders and In re Schulman by (1) providing a copy of the brief to
Appellant, (2) notifying her of her right to file a pro se response if she desired to do so, and
(3) informing her of her right to file a pro se petition for discretionary review. In re
Schulman, 252 S.W.3d at 408.


 By letter, this Court granted Appellant thirty days in which
to exercise her right to file a response to counsel’s brief, should she be so inclined. Id. at
409, n.23. Appellant did not file a response. Neither did the State favor us with a brief.
          By the Anders brief, counsel asserts the trial court properly ruled on all matters
raised and finds no reversible error. We have independently examined the entire record
to determine whether there are any non-frivolous issues which might support the appeal. 
See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman,
252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We
have found no such issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). 
After reviewing the record and counsel’s brief, we agree with counsel that there are no
plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.